S. STROOCK & CO., INC., Plaintiff, *v.* JOSEPH LICHTENTHAL, INC., Defendant.

Supreme Court, New York County, April 9, 1927.

Sales — breach of warranty — action by seller under contract reciting express refusal to warrant — contract negatives warranties implied by statute — defendant precluded from setting up breach of parol warranty or sale by sample.

In this action by a seller under a contract for the sale of merchandise containing an express refusal to warrant the goods, the defendant is precluded from setting up an alleged breach of a parol warranty or sale by sample, for evidence of an oral warranty would vary the terms of the contract of sale, the language of which unmistakably negatives the warranties implied by statute or any claim that the sale was by sample.

ACTION by seller in which buyer pleaded breach of alleged parol warranty.

*Max D. Steuer*, for the plaintiff.

*David L. Podell*, for the defendant.

HINKLEY, J. There is but one question of those presented upon the trial of this action which is determined by this decision. This opinion is necessitated by the fact that exhaustive research has

failed to discover any opinion or memorandum of any court in this State in the nature of a definite precedent.

The court here determines that an express refusal to warrant, contained in a written instrument of sale of personal property, negatives the warranties implied by statute and precludes the defendant from setting up an alleged breach of a parol warranty or sale by sample.

The contract of sale of merchandise by the plaintiff herein and the defendant herein embodied in the plaintiff's acknowledgment of defendant's order and duly accepted by the defendant, contained the following clause: " Spongers' or examiners' examinations or reports will not be recognized by us and no claims or allowances by reason of any examinations or reports or because of variation in patterns, quality, color or for any other reason, will be allowed."

The language contained in that clause is a clear, unequivocal refusal upon plaintiff seller's part to be bound by any warranty. No statutory warranty could either be implied in the light of that refusal or survive such refusal. Evidence of an oral warranty would vary the terms of such refusal contained in the contract, and the contract unmistakably negatives any claim that the sale was a sale by sample.

Had the clause refusing to warrant been, on the contrary, an express warranty, the plaintiff seller would have been bound. (*Hawkins* v. *Pemberton*, 51 N. Y. 198, 202.)

A buyer may, therefore, recover upon an express warranty clearly stated in a written instrument, no matter whether the seller intended to warrant or not. Clearly, a buyer should not be relieved from the result of an express refusal to warrant, clearly stated, simply because the buyer did not intend so to be bound by such refusal.

"A warranty will not be implied where the contract expressly stipulates against its existence." (13 C. J. 567, Contracts; *Mitchell Mfg. Co.* v. *Kempner*, 84 Ark. 349; *Hartin Comm. Co.* v. *Pelt*, 76 id. 177, 179; *Case Threshing M. Co.* v. *Dulworth*, —— Ky. ——; 287 S. W. 994, 998.)

" When the seller has expressly refused to give a warranty, no warranty can be implied by law." (35 Cyc. 393, Sales, and cases cited.)

Recourse to the trial records in the following two cases will undoubtedly disclose the attitude of the Appellate Division of the First Department and the Appellate Term to be in accordance with the decision herein. (*Braman* v. *Levine & Co.*, 201 App. Div. 847; *Julliard & Co., Inc.*, v. *Ruderman & Co., Inc.*, N. Y. L. J. Mar. 23, 1927.)

Because of the determination of this court that the defendant is

bound by the express refusal of the plaintiff to warrant the articles sold, the defense and counterclaim of the defendant are not passed upon by the court nor included in the verdict herein rendered. The objections of plaintiff's counsel to the introduction of evidence purporting to establish such defense and counterclaim, and his motion to strike the same from the record, are granted. The motion of plaintiff's counsel for judgment is granted.

Judgment may be entered herein in accordance with this opinion, rendering a verdict for $20,687.55, with interest, in favor of the plaintiff and against the defendant, with costs.